IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RACHEL LYDIA RAND,

                Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

Civ. No. 3:26-cv-00819-AA

**OPINION & ORDER**

AIKEN, District Judge.

Self-represented Plaintiff Rachel L. Rand seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED. However, the Complaint, ECF No. 2, is DISMISSED with leave to amend.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

Page 1 –OPINION & ORDER

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988).  Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency.  Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 1, and the petition will be GRANTED.

The Complaint cites the Administrative Procedures Act (5 U.S.C. §§ 551 et seq) ("APA"), 5 U.S.C. 2000d, and Article VI of the U.S. Constitution as the bases for Plaintiff's federal question. Compl. at II. The Statement of the Claim is as follows:

> "'Housing is Healthcare': Stalls in my SSD claim(s) (March 7, 2025) based on Trauma (Section 12.5) were a cause of more trauma leading to my arrest October 30, 2025, having $23.56 total in 9+ months, begging for TP and Dental floss etc…."

Compl. at III.

> Plaintiff lists additional facts for the claim under "Relief":

> "Severe trauma in summer of 2025 lead to stress induced ulcers, loss of sleep, potential loss of income, and damage to reputation. Punitive: SSA agents were either lying to me or were uncoordinated with their facts."

Compl. IV.

Here, Defendant is the U.S. Social Security Administration ("SSA"). At best, the Complaint can be read as accusing SSA of a delay ("stalls") in processing a Social Security Disability (SSD) claim, and that the delay led to (1) trauma; (2) arrest; (3) potential loss of income; (4) damage to reputation; and (5) medical issues, such as ulcers and loss of sleep. The Court cannot tell how the delay led to any of these

pleaded injuries, nor under what theory Defendant is liable. Neither is it clear how the APA is at issue, nor the anti-discrimination provision of 5 U.S.C. 2000d (Plaintiff makes no mention of discrimination, nor any protected class), nor the Supremacy Clause of the U.S. Constitution. The Complaint fails to state a cognizable claim and must be dismissed.

Because Plaintiff is self-represented, the Court will dismiss with leave to amend and allow Plaintiff thirty days in which to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about her situation, other than what she includes in the amended complaint. Plaintiff should clearly and briefly explain what has happened, how she has been injured, and why she believes the named defendant should be held liable for the injury. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal without further notice.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED but the Complaint, ECF No. 2, is DISMISSED with leave to amend within 30 days and without service on Defendants.

It is so ORDERED and DATED this _____28th_____ day of April 2026.

 /s/Ann Aiken

ANN AIKEN
United States District Judge